**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Miguel Manzo, individually and on behalf of a class of similarly situated and aggrieved persons; and Omar Alsubbah, individually and on behalf of similarly situated and aggrieved persons,<br><br>        Plaintiffs,<br><br>   vs.<br><br>Ahmad Abudayeh, individually, as representative of a class of similarly situated persons, and as an actual and/or apparent agent of defendant Uber Technologies, Inc., a Delaware Corporation; Lucky Livery, Inc., an Illinois corporation, individually, as representative of a class of similarly situated persons, and as an actual and/or apparent agent of defendant Uber Technologies, Inc., a Delaware corporation; and Uber Technologies, Inc., a Delaware corporation,<br><br>        Defendants. | **DEFENDANT UBER TECHNOLOGIES, INC.'S NOTICE OF REMOVAL**<br><br>CIVIL ACTION NO. 13-CV-2407<br><br>RELATED TO<br>CIVIL ACTION NO. 12-CV-7967<br>Judge Sharon Johnson Coleman |

**DEFENDANT UBER TECHNOLOGIES, INC.'S
NOTICE OF REMOVAL**

    Defendant Uber Technologies, Inc. ("Uber") hereby removes to this Court the Illinois state court class action described below. That action is within this Court's original jurisdiction and its removal, therefore, is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Pursuant to 28 U.S.C. § 1446(d), Uber will serve copies of this Notice upon counsel for Plaintiffs and will file copies of this Notice with the Circuit Court of Cook County, Illinois as an exhibit to a Notice of Filing of Notice of Removal (attached hereto, omitting internal exhibits, as Exhibit A).

**TIMELINESS OF REMOVAL**

On February 21, 2013, Plaintiffs Miguel Manzo and Omar Alsubbah filed a putative class action captioned *Manzo et al., v. Abudayeh et al.*, No. 2013-CH-05136, in the Circuit Court of Cook County, Illinois (the "State Court Action"). Uber was served with the State Court Action Summons and Complaint on February 28, 2013. Therefore, under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(3)(A), this Notice is timely. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Uber in the State Court Action are attached hereto as Exhibit B. Finally, because the Circuit Court of Cook County, Illinois is located within the Eastern Division of the Northern District of Illinois, 28 U.S.C. § 93(a)(1), this Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

**JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT OF 2005**

The State Court Action is within the original jurisdiction of this Court, as the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, grants district courts original jurisdiction over class actions in which the aggregate number of class members is greater than 100, the amount in controversy exceeds $5,000,000, and any plaintiff is a citizen of a state different from any defendant. As shown below, the State Court Action satisfies all the requirements set forth in 28 U.S.C. § 1332(d)(2).

First, the State Court Action is an Illinois class action brought pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2–801 *et seq*, *see* Ex. B at Count I ¶¶ 28, 30, Count II ¶¶ 29–32, Count III ¶¶ 28–31, which meets the definition of a class action under CAFA. 28 U.S.C. §§ 1332(d)(1), 1453(a). Second, the aggregate number of plaintiff class members—the total number of members from both the so-called Manzo plaintiff class and the so-called Alsubbah plaintiff class—exceeds 100. *See* Ex. B at Count I ¶ 28, Count II ¶ 29. Third, the amount in controversy is at least $5,000,000. *See* Ex. B at 11, 14, 16 (seeking "a sum in excess of $50,000, plus costs" for each class member). Finally, both plaintiffs are citizens of Illinois, *see* Ex. B at ¶¶ 6–7, while "Uber is a foreign corporation," *id.* at ¶ 2.

Under 28 U.S.C. § 1453(b), "[a] class action may be removed to a district court of the United States . . . by any defendant without the consent of all defendants." *See also First Bank v. DJL Properties, LLC*, 598 F.3d 915, 917 (7th Cir. 2010) (quoting 28 U.S.C. § 1453(b)).

DATED: April 1, 2013   QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s/ Stephen A. Swedlow
    Stephen A. Swedlow
    Attorney for Uber Technologies, Inc.

Stephen A. Swedlow (ARDC No. 6234550)
Andrew H. Schapiro (ARDC No. 6209041)
Amit B. Patel (ARDC No. 6309876)
Quinn Emanuel Urquhart & Sullivan, LLP
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401
Email:  stephenswedlow@quinnemanuel.com
        andrewschapiro@quinnemanuel.com
        amitbpatel@quinnemanuel.com

John B. Quinn*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone:   (213) 443-3000
Facsimile:   (312) 443-3100
Email:  johnquinn@quinnemanuel.com

* *pro hac vice* to be filed