# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Miguel Manzo, individually and on behalf of a class of similarly situated and aggrieved persons; and Omar Alsubbah, individually and on behalf of similarly situated and aggrieved persons,<br><br>    Plaintiffs,<br><br>  v.<br><br>Uber Technologies, Inc.; Ahmad Abudayeh, individually, as representative of a class of similarly situated persons, and as an actual and/or apparent agent of defendant Uber Technologies, Inc.; and Lucky Livery, Inc., individually, as representative of a class of similarly situated persons, and as an actual and/or apparent agent of defendant Uber Technologies, Inc.,<br><br>    Defendants. | No. 13 C 2407<br><br>Judge Sara L. Ellis |

## OPINION AND ORDER

Plaintiffs, taxi and livery drivers, sue Uber Technologies, Inc. ("Uber") and taxi and livery drivers who use Uber, alleging that Uber misrepresents its rates, misidentifies itself as a transportation company, and illegally operates in violation of Chicago Municipal Code provisions regulating the taxi and livery industries. Plaintiffs base their lawsuit on the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et. seq.* and the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 Ill. Comp. Stat. 510/1 *et. seq.* The Court denies Uber's motion to dismiss [8] with regard to Count I because Manzo states a valid claim that Uber misrepresents the cost of its service, the nature of the gratuity, and its status as a transportation provider. Additionally, the Court denies Uber's motion

to dismiss Count II with regard to the allegations that Uber misrepresents the cost of livery service procured via Uber relative to competing services. The Court dismisses the allegations in Counts II and III premised on violations of applicable taxi and livery ordinances. Finally, the Court dismisses the remainder of Count III because Manzo does not claim that he is harmed by the alleged misrepresentations.

## BACKGROUND[1]

Plaintiff Miguel Manzo, a Chicago cab driver, brings Count I against Uber and Ahmad Abudayeh. In Count III, Manzo sues Lucky Livery, Inc. ("Lucky"). In both Counts, Manzo seeks to represent a class of similarly situated cab drivers. Plaintiff Omar Alsubbah, a livery driver in Chicago, brings Count II of the Complaint against Uber and Lucky. Likewise, Alsubbah seeks to represent a class of similarly situated livery drivers.

Uber provides a mobile phone application that connects drivers with customers who need a ride. Uber customers can request a ride via three types of vehicles: a medallion-bearing taxi, a livery vehicle, or a private vehicle driven by the car's owner. Drivers who subscribe to Uber use the application to pick up rides in their vicinity. The driver's mobile phone tracks the distance and duration of the ride and charges passengers accordingly. For rides in a taxi, customers pay the taxi's meter rate plus an automatic 20% "gratuity." The gratuity is split evenly between the driver and Uber.

Defendant Ahmad Abudayeh drives a taxi in Chicago and uses Uber to find passengers and collect payment. Defendant Lucky is a limousine company operating in the Chicago area; Lucky's drivers subscribe to Uber and they provide rides and accept payment via Uber.

---

[1] The facts in the background section are taken from Plaintiffs' Complaint and are presumed true for the purpose of resolving Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Plaintiffs sue Abudayeh and Lucky individually as agents of Uber and as representatives of classes of taxi drivers and limousine companies that use Uber.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, a complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank*, 649 F.3d at 615 (citation omitted). Rule 9(b) applies to "all averments of fraud, not claims of fraud." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). "A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements." *Id.*

3

**ANALYSIS**

Uber moves to dismiss the entire complaint based on *Dial A Car, Inc. v. Transportation, Inc.*, which stands for the proposition that a plaintiff cannot use a Lanham Act claim to declare the defendant's conduct unlawful under a local taxicab regulation when the taxicab commission has not yet done so. 82 F.3d 484, 490 (D.C. Cir. 1996). Uber contends that *Dial A Car* applies equally here because the Lanham Act is the federal equivalent to the ICFA and IUDTPA. *Republic Tobacco L.P. v. N. Atl. Trading Co.*, No. 06 C 2738, 2007 WL 1424093, at *4 (N.D. Ill. May 10, 2007). Because *Dial A Car* relates primarily to Count II, the Court analyzes Uber's argument in Section II of this opinion. To the extent that Uber's *Dial A Car* argument relates to the other claims, the Court's analysis in Section II applies equally to all claims. Although Uber's motion to dismiss does not challenge the sufficiency of the elements of each claim, the Court analyzes the sufficiency of each count below.

**I.     Count I—Manzo v. Uber and Abudayeh**

In Count I, Manzo sues Uber and Mr. Abudayeh pursuant to the ICFA and IUDTPA, alleging that Uber deceptively represented on its website that Uber taxis charge "standard taxi rates," when, in fact, riders were charged the meter fare plus a 20% "gratuity." Plaintiffs also base Count I on the allegation that the "gratuity" was actually split between the taxi's driver and Uber. The claim against Abudayeh stems from his purported agency relationship with Uber and his concealment of the fact that he splits with Uber any "gratuities" he receives on Uber rides.

To state an IUDTPA claim that Uber misrepresented its livery rates and the nature of the gratuity, Manzo must allege:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant

caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products.

*Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999).

Manzo alleges that Uber's misrepresentation of its fares as "standard" and its misidentification of a portion of the fare as a "gratuity" have the tendency to deceive, the deception was material, and the statements drew customers away from Manzo's taxi service and toward Uber. At this stage, Manzo need not prove these claims, but must plausibly allege each element with particularity. *See Iqbal*, 556 U.S. at 678. Uber's motion to dismiss does not challenge the plausibility of any of these elements and the Court finds that Manzo has satisfied his burden.

Additionally, Manzo alleges in Count I that Uber published "false, misleading and confusing representations suggesting that Uber is a transportation service provider when, in fact, it is not." Doc. 1-1 at 9. Specifically, Manzo claims that Uber suggests that it provides or is otherwise responsible for providing the car and driver, in part by referring to the "Uber fleet," "Uber black cars," and "Uber taxis." *Id.* at 5. Manzo alleges that Uber's misleading statements harm him because "[i]f fare-paying passengers knew and understood that Uber actually disavowed control over and/or responsibility for the suitability, safety, and quality of 'its' taxi drivers and vehicles, those passengers would have foregone and would likely forego arranging for taxi transportation through [Uber] . . . and instead resort to conventional curb-side hail or call-and-dispatch taxi transportation provided by Manzo." *Id.* at 10.

The IUDTPA provides Manzo with a cause of action if Uber "causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; [or] causes a likelihood of confusion or of misunderstanding as to the

5

affiliation, connection, or association with or certification by another." 815 Ill. Comp. Stat. 510/2. Manzo alleges that Uber and Abudayeh misrepresent that Uber provides transportation services, leading to confusion among customers as to the source or certification of taxi services procured via the Uber application. While Uber's motion to dismiss does not contend that Manzo failed to plead any of these elements, the Court finds that Manzo has plausibly alleged a cause of action against Uber and Abudayeh.

## II. Count II—Alsubbah v. Uber and Lucky

In Count II, Alsubbah, a livery driver, sues Uber and Lucky pursuant to the ICFA and the IUDTPA. Alsubbah makes two principal allegations: that Uber violates Chicago Municipal Code provisions regulating taxi and livery services, and that Uber misrepresents its livery fares as being at or below fares charged by other livery services. The Court finds that Alsubbah's allegation premised on violations of the Chicago Municipal Code fails to state a cause of action under either the ICFA or the IUDTPA and is barred by the D.C. Circuit's rationale in *Dial A Car*. However, the Court denies the motion to dismiss with regard to Alsubbah's allegation that Uber misrepresents its livery rates.

### A. Alleged Violations of Chicago Municipal Code

Alsubbah claims that Lucky and livery drivers who use Uber violate the Chicago Municipal Code by using a metering device—the smartphone's GPS feature—to determine the fare for an Uber livery passenger, rather than using a fixed fare arranged in advance. *See* Chi. Mun. Code 9-114-060; *id.* 9-114-280. Alsubbah alleges as well that "Lucky and Uber misrepresent to fare-paying passengers that their fare charges and/or manner of imposing fare charges for livery transportation are lawful (when they are not) with the intent that those passengers will rely on those misrepresentations." Doc. 1-1 at 13. The Court finds that, as a

matter of law, these allegations fail to state a claim pursuant to the ICFA or IUDTPA for the same reasons outlined in *Dial A Car*.

In *Dial A Car*, the D.C. Circuit held that the plaintiff limousine service could not bring a Lanham Act claim against a competing taxicab company when the plaintiff sought only to declare the defendant's conduct illegal under local taxicab ordinances and regulations. *Dial A Car*, 82 F.3d at 490 ("[W]e cannot find a single case that purports to extend the [Lanham] Act to allow federal judges to interpret and *enforce* municipal regulations . . . ."). Suing under the Lanham Act, the federal statutory equivalent to the portions of the ICFA and the IUDTPA that Alsubbah relies upon here, the plaintiff asked the court to conclude that the defendant's limousine service violated a D.C. Taxicab Commission Order. *Id.* at 489. The Court of Appeals refused, stating that the plaintiff "should be forced to take its argument to the D.C. Taxicab Commission and lobby the Commission to crack down on [the defendants'] activities, assuming they are proscribed." *Id*. at 490.

This rationale bars Alsubbah's claims that Uber and Lucky's violations of Chicago taxicab regulations create a cause of action under the ICFA or IUDTPA. Alsubbah alleges that Uber violates certain taxicab regulations by using an illegal metering device rather than charging a fee negotiated in advance. *See* Chi. Mun. Code 9-114-280; *id.* 9-114-060. Bringing a claim under the ICFA and IUDTPA to enforce these violations is directly akin to what the *Dial A Car* plaintiff sought to do. The D.C. Circuit stated that: "it appears that appellant is simply using the Lanham Act to try to enforce its preferred interpretation of [a D.C. Taxicab Commission Office Administrative Order] instead of adjudicating the issue before the Commission. We reject such a gambit." 82 F.3d at 488. The Court agrees with the D.C. Circuit and finds that Alsubbah cannot

use the ICFA or the IUDTPA "as a backdoor method" to bring a claim that Uber violates Chicago taxi and livery regulations. *Id.* at 490.

Plaintiffs attempt to distinguish *Dial A Car* by citing a footnote in the opinion which noted that if the taxicab regulation were so clear that its interpretation is not in dispute, a plaintiff could use the Lanham Act or a state equivalent to bring a claim to enforce the regulation. *Dial A Car, Inc.*, 82 F.3d at 489 n.3 ("We agree with the dissent that, hypothetically speaking, a regulation might conceivably be drafted that would be so clear on its face that no good faith doubt concerning its interpretation would be possible, even without an explicit statement from the Taxicab Commission."). However, the Court does not find this distinction convincing. Like the Taxicab Commission Order in *Dial A Car*, the Chicago Municipal Code provisions at issue are subject to alternative interpretations. For example, the Chicago Bureau of Affairs & Consumer Protection may find that a smartphone equipped with Uber does not constitute a taximeter. A taximeter is defined as "a device which records and indicates a charge or fare measured by the distance traveled, waiting time, number of passengers, and any extra charges set forth in this chapter." Chi. Mun. Code 9-112-010. Nor does Municipal Code section 9-114-280 so clearly bar Uber's conduct that the Court will distinguish *Dial A Car* on this basis.[2]

Moreover, on a motion to dismiss the Court need not accept as true Alsubbah's claim that Uber operates illegally under the Chicago Municipal Code, as this is an allegation of law, not fact. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("[W]e accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth."). Therefore, the

---

[2] Chicago Municipal Code section 9-114-280 states: "No livery vehicle shall be parked on any public way for a time longer than is reasonably necessary to accept passengers in answer to a call for service and no passenger shall be accepted for any trip in such vehicle without previous engagement for such trip, at a fixed charge or fare, through the station or office from which said vehicle is operated."

Court rejects Alsubbah's argument that Uber's illegal existence creates a claim under the ICFA or IUDTPA. The Court dismisses all claims premised on Uber's violation of local ordinances or Uber's failure to inform customers of any violation.

> **B.  Alleged Misrepresentations of Uber Livery Rates**

In Count II, Alsubbah also claims that Uber misrepresented its livery rates as being "at or below fares charged by other regulated livery services." Doc. 1-1 at 12. Alsubbah contends that, in fact, livery fares procured via Uber "are substantially higher" than fares charged by Alsubbah and other livery services. *Id*. Alsubbah alleges that Uber and Lucky's material misrepresentation deceived customers as to the cost of livery service procured via Uber and that this misrepresentation drew customers away from his livery service. The Court finds that Count II states a valid claim with regard to the allegation that Uber misrepresented its livery rates as being at or below market price. Again, the accuracy of Alsubbah's factual assertions is not at issue here. *See Iqbal*, 556 U.S. at 678.

Uber does not argue that Count II fails to allege any of the necessary elements of a claim under the ICFA or IUDTPA. Instead, Uber asserts that *Dial A Car* mandates dismissal of the entire action, including this allegation. While the Court agrees that *Dial A Car* bars claims premised merely on Uber's illegality, it does not warrant dismissing Plaintiffs' allegations that Uber made actual misrepresentations that independently create a cause of action under the ICFA or IUDTPA. Plaintiffs base much of their complaint on alleged misrepresentations separate and apart from the legality of Uber's service. Therefore, the Court finds that these claims survive, even when applying the holding in *Dial A Car*. *See Boston Cab Dispatch, Inc. v. Uber Techs., Inc.*, No. 13-10769-NMG, 2014 WL 1338144, at *25 (D. Mass. Feb. 28, 2014) ("A number of reasons counsel against dismissing Count II on the basis of Uber's *Dial A Car* argument."),

9

*report & recommendation adopted in part & rejected in part*, No. 13-10769-NMG, 2014 WL 1338148 (D. Mass. Mar. 27, 2014).

In *Boston Cab Dispatch*, the court rejected Uber's argument that *Dial A Car* justified dismissing the action, noting that the plaintiff had validly alleged that Uber made certain misrepresentations. *Id*. The court distinguished *Dial A Car* on the basis that the alleged misrepresentations were "not within the exclusive purview of the" taxicab commission and the "claim does not require the special competence of the Commissioner to decide the issues." *Id.* at *25–26. The Court finds that *Dial A Car* does not bar Plaintiffs' allegations that Uber misrepresented its taxi or livery rates or its status as a transportation provider, as those claims are not premised on the illegality of Uber's service and will not require the Court to interpret local taxi or livery regulations.

## II. Count III—Manzo v. Lucky

In Count III, Manzo sues Lucky, repeating the allegations in Count II. The Court's dismissal of the claims in Count II premised on Uber's violation of local taxi rules applies equally to Manzo's claims against Lucky. Manzo cannot, as a matter of law, sustain a claim under the ICFA or IUDTPA that merely seeks to enforce Chicago taxicab laws. Therefore, the Court dismisses Manzo's allegations in Count III based on Lucky's violations of the Chicago Municipal Code.

Moreover, the Court dismisses Count III in its entirety because Manzo does not allege any harm. In Count III, Manzo asserts that Uber misrepresents that its livery rates are priced at or below the market price for livery services provided by other livery services. But Manzo does not allege that statement harms his taxi business. *Thomas v. Urban P'ship Bank*, No. 12 C 6257, 2013 WL 1788522, at *11 (N.D. Ill. Apr. 26, 2013) (dismissing plaintiff's IUDTPA claim

because she failed to allege any harm resulting from the defendant's conduct). Nor does Manzo plead sufficient facts to allow the Court to reasonably infer that he is harmed by Uber's misrepresentation such that Manzo can sue Lucky. Because harm is a necessary element of this claim, the Court dismisses Count III in its entirety. *See Twombly*, 550 U.S. at 562 (noting that a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery").

## CONCLUSION

Uber's motion to dismiss [8] is granted in part and denied in part. The Court dismisses Plaintiffs' allegations that Uber operates illegally and misrepresents the illegal nature of its services. Count III is dismissed in its entirety as Manzo does not plausibly allege that he is harmed by Uber's misrepresentations of livery rates. All dismissals are without prejudice. Additionally, the Court denies the motion to dismiss with regard to Count I's allegations that Uber misrepresents the cost of its taxi rates, the nature of the gratuity, and its status as a transportation provider and Count II's allegations that Uber misrepresents the cost of its livery rates relative to competing services.

Dated: July 14, 2014

_____
SARA L. ELLIS
United States District Judge